# Christopher J. Bowes, Esq.
54 Cobblestone Drive
Shoreham, NY 11786
Tel (212) 979-7575
Fax (631) 929-1700

January 25, 2022

**VIA ECF**
Hon Ronnie Abrams
United States District Court for the
   Southern District of New York
40 Foley Square
New York, NY 10007            RE     Torres v. Colvin
                                                     1:21 CV 7294 (RA)

Dear Judge Abrams:

       I am counsel for the plaintiff in the above captioned action and write to respond to the Court's January 24, 2022 Order and to request an extension of time to serve the summons and complaint in this action pursuant to Fed. R. Civ. P. § 4(m).

       Pursuant to Rule 4, service upon an agency of United States must be made within 90 days after the complaint is filed. Fed. R. Civ. P. § 4(ii). In Mr. Torres' case, I filed this action on August 30, 2021 and the Clerk of the Court issued an electronic summons on August 31, 2021. Service of the summons and complaint should have been effectuated ninety days later, by November 28, 2021, by certified mail.

       In this case, I did not effectuate service by mail on the Commissioner until December 27, 2021. At the time, I mistakenly thought I was serving within the time frame but, regrettably, it seems I miscalculated at that time. I apologize to the Court for this error. I will file a proof of service reflecting that service has been made.

       Pursuant to Rule §4(m), if service is not made within 90 days, the Court must either "dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time ..." Id. If the plaintiff shows "good cause" for the failure to effect service, the court "shall extend the time for service for an appropriate period." Id.

       The courts have interpreted this provision to mean that the court must extend the time for service if the plaintiff shows good cause, and may extend the deadline, even if the plaintiff fails to show good cause, as a matter of judicial discretion. See Henderson v. United States, 517 U.S. 654, 662-63 (1996); Goodstein v. Bombardier Capital, Inc., 167 F.R.D. 662, 666-667 (D. Vt. 1996); Argentina v. Emery World Wide Delivery Corp., 167 F.R.D. 359, 363-64 (E.D.N.Y. 1996). See generally MOORE'S FEDERAL PRACTICE - CIVIL §§ 4.82-83.

My mistake in calculating the time to serve the summons and complaint may not constitute good cause. The Court should nevertheless, as a matter of discretion, permit additional time for service in light of the relatively short delay, i.e., one month, in effectuating service upon the defendant in the absence of any prejudice to the government. See <u>Valentin v. Commissioner of Social Security</u>, 2000 U.S. Dist. LEXIS 16948 (S.D.N.Y. 2000) (dismissal not appropriate, even where no good cause shown, unless Commissioner demonstrates that delay occasioned by plaintiff's attorney made it impossible to retrieve file and defend lawsuit). In this case, counsel for the defendant, AUSA Susan Baird, advises me that the Commissioner does not anticipate difficulty producing the administrative record and that her office takes no position with respect to this request.

Accordingly, I respectfully request permission to file a motion extending plaintiff's time for effectuate service of the summons and complaint.

Thank you for Your Honor's attention to this matter.

Respectfully submitted,

<u>/s/ Christopher J. Bowes, Esq</u>.

Christopher J. Bowes, Esq.
Attorney for Plaintiff

cc: AUSA Susan Baird
 Attorney for Defendant

Application granted.

Plaintiff shall file proof that service was effectuated on Defendant on December 27, 2021 no later than February 2, 2022.

SO ORDERED.

_____
Hon. Ronnie Abrams
01/26/2022