UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
ROBERT TORRES,

                              Plaintiff,                          21-CV-7294 (VF)

               -against-                                         **ORDER**

MARTIN O'MALLEY,
*Commissioner of the Social Security Administration*[1],

                              Defendant.
----------------------------------------------------------------X

**VALERIE FIGUEREDO, United States Magistrate Judge**

     Plaintiff Robert Torres brings this motion for approval of attorneys' fees pursuant to 42

U.S.C. § 406(b). For the reasons explained below, Plaintiff's motion is **GRANTED** in part.

<u>**BACKGROUND**</u>

     On March 18, 2013, Plaintiff filed an application for Disability Insurance benefits under the

Social Security Act. <u>See</u> Case No. 16-CV-5441, ECF No. 1 ¶ 7. On October 20, 2014, Plaintiff's

application was denied following a hearing before an Administrative Law Judge ("ALJ"). <u>Id.</u> ¶¶ 9-

10. Plaintiff requested review by the Appeals Council, which denied review and affirmed the ALJ's

decision on May 13, 2016. <u>Id.</u> ¶ 11. On July 1, 2016, Plaintiff entered into a contingent-fee

agreement with his counsel, Attorney Christopher J. Bowes ("Bowes"). The agreement required

Plaintiff to pay Bowes 25% of the "past due benefits . . .  in exchange for legal services in federal

court" if Plaintiff received a favorable award. ECF No. 29 ("Pl.'s Br.") at 1; ECF No. 28 ("Bowes

---

[1]  The named defendant when this action commenced was Kilolo Kijakazi, the then-Acting Commissioner of the Social Security Administration. On December 20, 2023, Martin O'Malley became the Commissioner of the Social Security Administration. Therefore, pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, O'Malley is substituted as the defendant in this suit. <u>See</u> Fed. R. Civ. P. 25(d) (permitting automatic substitution of a party who is a public official sued in her official capacity when the public official "ceases to hold office" while a suit is pending).

Decl."), Ex. A (2016 Contingent Fee Agreement). [2] On July 8, 2016, Plaintiff filed a complaint in this Court seeking review of the decision of the Commissioner of the Social Security Administration (the "Commissioner"). See Case No. 16-CV-5441, ECF No. 1. Pursuant to a stipulation between the parties, on January 31, 2017, the matter was remanded to the Commissioner for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g). See id., ECF Nos. 12-13. The parties also reached agreement as to the amount of attorneys' fees and costs ($1,621.00) under the Equal Access to Justice ("EAJA") owed to Plaintiff's counsel. Id., ECF No. 17.

Following the completion of additional administrative proceedings, Plaintiff again appealed the Commissioner's decision to this Court, filing a complaint on August 30, 2021. See ECF No. 1. ("Compl."). On August 16, 2021, Plaintiff entered into another contingent fee agreement, agreeing to pay Bowes 25% of the "past due benefits as compensation for his legal services" if Plaintiff received a favorable award. See Bowes Decl., Ex. C (2021 Contingent Fee Agreement). On July 28, 2022, the Court remanded the case to the Commissioner for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g). See ECF No. 25. On remand, Plaintiff was found to be disabled as of July 20, 2012. See Bowes Decl. ¶ 25 & Ex. E (Social Security Administration ("SSA") Notice of Award). In a Notice of Award letter, dated May 14, 2023, the Commissioner advised that Plaintiff was awarded past-due benefits, and the SSA advised that it had withheld 25% of those past-due benefits (in the amount of $72,666.75) to pay a possible request for attorneys' fees. Bowes Decl. ¶ 28 & Ex. E.

On May 30, 2023, Bowes filed the instant motion for attorneys' fees pursuant to 42 U.S.C. § 406(b). See ECF Nos. 27-29. Bowes seeks approval of attorneys' fees in the amount of $72,666.75. See Bowes Decl. ¶ 29. Bowes states that he expended 9.7 hours in Plaintiff's 2016

---

[2] Unless otherwise noted, citations to ECF that are not preceded by a case number are docket entries for this case (Case No. 21-CV-7294).

civil action and 25.8 hours in the instant civil action for a total of 35.5 hours. Bowes. Decl. ¶ 30.

Bowes did not seek attorneys' fees under the EAJA for the instant case. Bowes asks the Court to

issue a "net fee" award of $71,045.75 (calculated by subtracting the $1,621 EAJA fee award for the

2016 action from the $72,666.75 in past-due benefits). Id. ¶ 31; Pl.'s Br. at 3.

## STANDARD OF REVIEW

Section 406(b) of the Social Security Act states that when a disability claimant succeeds in

federal court, "the court may determine and allow as part of its judgment a reasonable fee for such

representation, not in excess of 25% of the total of the past-due benefits to which the claimant is

entitled by reason of such judgment." 42 U.S.C. § 406(b)(1)(A). To the extent a contingency fee

arrangement exists, courts must look first to the agreement to assess its reasonableness. See

Gisbrecht v. Barnhart, 535 U.S. 789, 807-08 (2002) (explaining that "§ 406(b) calls for court

review of such arrangements as an independent check, to assure that they yield reasonable

results").

Courts in this district generally assess three factors when considering whether the fee

sought is reasonable: "1) whether the requested fee is out of line with the character of the

representation and the results the representation achieved; 2) whether the attorney unreasonably

delayed the proceedings in an attempt to increase the accumulation of benefits and thereby increase

his own fee; and 3) whether the benefits awarded are large in comparison to the amount of time

counsel spent on the case, the so-called 'windfall' factor." Valle v. Colvin, No. 13-CV-2876 (JPO),

2019 WL 2118841, at *2 (S.D.N.Y. May 15, 2019) (quoting Blizzard v. Astrue, 496 F. Supp. 2d

320, 322 (S.D.N.Y. 2007)); see also Gisbrecht, 535 U.S. at 808. Courts also look to "whether

there has been fraud or overreaching in making the agreement." Wells v. Sullivan, 907 F.2d 367, 372 (2d

Cir. 1990).

## **DISCUSSION**

Bowes seeks a fee award of 25% of Plaintiff's past-due benefits—or $72,666.75—as allowed by 42 U.S.C. § 406(b)(1)(A) and by the contingency fee agreement with Plaintiff.[3] The $72,666.75 sought divided by the 35.5 hours expended by Bowes (9.7 hours in the 2016 civil action and 25.8 hours in the current action) yields an hourly rate of $2,046.95. Bowes Decl. ¶¶ 30, 38. The fee sought does not exceed the statutory cap, nor is there any indication of fraud or overreaching in the making of the contingency fee agreement. See Bowes Decl., Ex. E.; ECF No. 31 at 2. Additionally, there is no indication in the record of any purposeful delay imposed by Bowes in an effort to increase the total benefits award. Further, the award is in "line with the character of the representation and the results the representation achieved," Rodriguez v. Colvin, 318 F. Supp. 653, 657 (S.D.N.Y. 2018), as Bowes obtained a positive result for his client.

The only question that remains is whether a $72,666.75 award would be a windfall to Bowes. Or "in other words, whether the benefits to be awarded are large in comparison to the amount of time he spent on the case." Gokey v. Berryhill, No. 18-CV-658 (RA), 2021 WL 5014576, at *2 (S.D.N.Y. Oct. 27, 2021) (citation, internal quotation marks, and alterations omitted). In assessing whether there is a windfall, "courts must consider more than the de facto hourly rate," because "even a relatively high hourly rate may be perfectly reasonable, and not a windfall, in the context of any given case." Fields v. Kijakazi, 24 F.4th 845, 854 (2d Cir. 2022). Specifically, courts should consider (1) "the ability and expertise of the lawyers and whether they

---

[3] Bowes seeks an order directing the Commissioner to disburse a "net" fee amount of $71,045.75, which represents the requested fee award of $72,666.75 less the amount of the Equal Access to Justice Act attorneys' fees received in the 2016 civil action ($1,621). Pl.'s Br. at 8; Bowes Decl. ¶¶ 31, 49. Defendant takes no position on the reasonableness of the requested fee amount, but argues that the reasonableness analysis must be based on the full amount sought ($72,666.75) rather than the "net" fee of $71,045.75. See ECF No. 31 at 3-4.

were particularly efficient"; (2) "the nature and length of the professional relationship with the claimant—including any representation at the agency level"; (3) "the satisfaction of the disabled claimant"; and (4) "how uncertain it was that the case would result in an award of benefits and the effort it took to achieve that result." Id. at 854-55. Considering these factors, for the reasons explained below, there is no evidence of a windfall here.

    A. <u>Bowes' ability and expertise</u>

       Bowes is undoubtedly an experienced attorney. Bowes has over twenty-five years of experience litigating social security cases, has represented over 1,000 social security claimants in district court, and has represented over 2,000 claimants at administrative hearings. Bowes Decl. ¶ 42. Further, the number of hours spent on Plaintiff's cases can be considered an efficient use of attorney time. In the 2016 action, Bowes billed only 9.7 hours for time spent reviewing case documents, drafting and filing the complaint, and drafting the fee declaration and motion. Bowes Decl., Ex. B. See <u>Caceras v. Comm'r of Soc. Sec.</u>, No. 18-CV-6790 (KHP), 2024 WL 324781 (S.D.N.Y. Jan. 29, 2024) (determining that 9.2 hours of attorney time on a social security case was "very low"); <u>Coleman v. Comm'r of Soc. Sec.</u>, No. 21-CV-76 (KHP), 2023 WL 2301376, at *2 (S.D.N.Y. Mar. 1, 2023) (determining that 8.5 hours of attorney time spent on a social security case was "very low for such cases" and considering that "an efficient use of attorney time"). And in the instant action, Bowes billed 25.8 hours for time spent reviewing case documents, drafting and filing the complaint, drafting a statement of facts, and negotiating a stipulated remand. Bowes Decl., Ex. B. See <u>Kearney v. Saul</u>, No. 20-CV-5439 (JMF) (KHP), 2023 WL 4665126, at *1, 3; ECF No. 34 (S.D.N.Y. July 5, 2023) (finding that 22.3 hours billed work was "reasonable" and "an efficient use of attorney time"). This first factor therefore weighs in favor of the fee request.

B. <u>The nature and length of Bowes' relationship with Plaintiff</u>

Bowes represented Plaintiff in both the 2016 and 2021 civil actions. Bowes Decl. ¶ 30; <u>id.</u>,
Ex. A, Ex. C. In the 2016 action, Bowes represented Plaintiff from July 1, 2016, to January 31,
2017, and in the instant action, Bowes represented Plaintiff from August 16, 2021, to May 30,
2023. Accordingly, this second factor weighs in favor of the fee request. <u>See</u> <u>Gomez v. Comm'r of
Soc. Sec.</u>, No. 19-CV-9278 (PMH), 2023 WL 7185384, at *5 (S.D.N.Y. Nov. 1, 2023) (finding that
the nature and length of Bowes' relationship with a plaintiff supported a finding that his requested
fee was reasonable where Bowes represented the plaintiff in a single civil action and the
relationship spanned over one year); <u>Hennelly v. Kijakazi</u>, No. 20-CV-4786 (JGK), 2023 WL
3816961, at *3 (S.D.N.Y. June 5, 2023) (finding that Bowes had a significant relationship with a
plaintiff where Bowes represented the plaintiff for almost three years in the civil action despite not
handling the administrative proceedings).

C. <u>Plaintiff's satisfaction</u>

Bowes achieved a favorable outcome for Plaintiff. Although there is no submission from
Plaintiff supporting or opposing Bowes' request for fees, Plaintiff received a favorable result from
this action as he was awarded benefits for the entirety of his alleged disability period. This factor,
too, weights in favor of the fee request. <u>See, e.g.</u>, <u>Fields</u>, 24 F.4th at 855 (explaining that where the
claimant achieved a fully favorable decision from the SSA, this weighed against a finding of a
windfall, even where the de facto hourly rate was high).

D. <u>The uncertainty of the case</u>

In contingency agreements, such as the one signed between Plaintiff and Bowes,
"payment . . . is inevitably uncertain, and any reasonable fee award must take account of that risk."
<u>Velez v. Comm'r of Soc. Sec.</u>, No. 18-CV-9754, 2021 WL 2310517, at *4 (S.D.N.Y. June 7, 2021)
(quoting <u>Nieves v. Colon</u>, No. 13-CV-1439, 2017 WL 6596613, at *2 (S.D.N.Y. Dec. 26, 2017));

see Devenish v. Astrue, 85 F. Supp. 3d 634, 638 (E.D.N.Y. 2015) (collecting cases); Warren v. Astrue, No. 06-CV-2933, 2011 WL 5402493, at *2 (E.D.N.Y. Nov. 7, 2011) ("[A]lthough $25,000.00 is a substantial sum for [thirty-eight] hours of work, it does not constitute a windfall when balanced against the excellent result counsel obtained and the risk of loss inherent in the retainer's contingency arrangement."); Rowell v. Astrue, No. 05-CV-1592, 2008 WL 2901602, at *5 (E.D.N.Y. July 28, 2008) ("[C]ourts in this circuit have generally refrained from finding a windfall based on the resulting hourly rate when the contingent fee falls within the [twenty-five] percent boundary."). Plaintiff and Bowes signed the retainer agreement almost two years prior to the present motion. In light of the inherent uncertainty of social security cases, this factor also weighs in favor of the fee request.

Accordingly, the Court grants the motion for attorneys' fees. However, Bowes' fee award should be paid in full by the SSA, and Bowes should then refund the amount of the past EAJA award to Plaintiff. "Fee awards may be made under both the EAJA and § 406(b), *but the claimant's attorney must refund to the claimant the amount of the smaller fee*." Guzman v. Comm'r of Soc. Sec., No. 15-CV-3920 (VB) (LMS), 2019 WL 4935041, at *3 (S.D.N.Y. Aug. 1, 2019) (quoting Gisbrecht, 535 U.S. at 796 (cleaned up) (emphasis added); see also Johnson v. Kijakazi, No. 20-CV-2630 (BCM), 2022 WL 17718336, at *6 (S.D.N.Y. Dec. 15, 2022) (declining to award Bowes the requested "net" fee award). Courts in this District have thus mandated that attorneys who obtain fees under both statutes "return the amount of such EAJA award to plaintiff out of the payment received under Section 406(b)." Guzman, 2019 WL 4935041, at *3 (quoting Jackson v. Astrue, No. 09-CV-1290 (FB), 2011 WL 1868718, at *2 (E.D.N.Y. May 16, 2011)).

In sum, Bowes should be awarded the sum of $72,666.75 in fees, representing 25% of the past-due benefits awarded to Plaintiff. Upon receipt of this sum, Bowes must refund the previously awarded EAJA fees of $1,621.00 to Plaintiff.

7

## **CONCLUSION**

For the foregoing reasons, Plaintiff's motion for attorneys' fees is **GRANTED** in part, and Bowes is awarded the sum of $72,666.75 in fees, representing 25% of the past-due benefits awarded to Plaintiff. Upon receipt of this sum, Bowes is to refund the previously awarded EAJA fees of $1,621.00 to Plaintiff.

The Clerk of Court is respectfully directed to close the motion at ECF No. 27.

**SO ORDERED.**

DATED:      New York, New York
                 March 7, 2024


_____
VALERIE FIGUEREDO
United States Magistrate Judge